# <u>EXHIBIT 1</u>

**TO THE NOTICE OF REMOVAL**

*COMPLAINT FILED IN STATE COURT*



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**September 28, 2020 09:19**

By: PAUL V. WOLF 0038810

Confirmation Nbr. 2082079

ROBERT CROWDER                    CV 20 937870

    vs.
                                  **Judge:** ASHLEY KILBANE

CARGILL DEICING TECHNOLOGY

**Pages Filed:** 4

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| ROBERT CROWDER<br>4748 East 88th St.<br>Garfield Heights, Ohio 44125 | ) ) ) ) | CASE NO.<br><br>JUDGE |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| CARGILL DEICING TECHNOLOGY<br>2400 Ships Channel, Whiskey Island<br>Cleveland, Ohio 44113 | ) ) ) ) | **COMPLAINT**<br>**(A Jury Demand Is**<br>**Endorsed Hereon)** |
| Defendant | ) ) | |

Now comes the Plaintiff, by and through undersigned counsel, and for his

Complaint against the Defendant states as follows:

1.　　Plaintiff first became employed as a worker in Defendant's Cleveland,

Ohio, Ships Channel, Salt Mine, in 2005 and continued to be so employed until July of

2017.

2.　　Plaintiff was employed as a laborer who loaded and unloaded things that

were being transported to and from Defendant's mine.

3.　　On or about August 9, 2017, Plaintiff was formally terminated from his

employment.

4.　　At all times relevant, Plaintiff was a black male and a member of the

protected race class.

5.　　At all times relevant, Plaintiff was otherwise qualified to perform his job of

loading, unloading and transporting goods and materials to and from Defendant's salt

mine.

6.     At all times relevant, Plaintiff suffered the adverse employment consequences of being terminated from his employment.

7.     At all times relevant, Plaintiff was replaced at his job duties by a white employee outside of the protected class and/or, alternatively, the termination of the Plaintiff was under circumstances where similarly situated white co-employees retained their employment.

8.     Defendant's stated reason for terminating the Plaintiff was that he violated Defendant's calling off work policy.

9.     However, Plaintiff, rather than dialing the call off line, texted his supervisor directly about not being able to report to work on the particular day, a practice that was followed without any job related consequences by similarly situated white co-employees.

10.     Accordingly, at all times relevant, the Defendant's stated reason for terminating the Plaintiff was pretextual and designed to mask the true reasons for his termination; namely, his race, African American.

11.     All of the above constitutes prohibited race discrimination in employment in violation of Ohio Revised Code Section 4112.02 and gives rise to a cause of action thereunder and also under Ohio Revised Code Section 4112.99.

12.     As a direct and proximate result of Defendant's race discrimination in employment in violation of Ohio Revised Code Section 4112.02, Plaintiff has experienced a loss of back pay, a loss of past benefits, a loss of front pay, a loss of future benefits, attorney's fees, litigation costs and other out of pocket expenses, all of which will continue into the indefinite future.

2

13.     As a further direct and proximate result of Defendant's prohibited race discrimination in employment in violation of Ohio Revised Section 4112.02, Plaintiff has experienced a loss of enjoyment of life, has been greatly inconvenienced and has otherwise suffered great physical and emotional injury including, but not limited to, emotion distress, all of which will continue into the indefinite future.

14.     Further, at all times relevant, Defendant's actions in terminating the Plaintiff for the prohibited reason of his race was motivated by actual malice in that this Defendant knew or reasonably should have known that its actions carried a great likelihood of causing substantial harm to the Plaintiff, which harm, in fact, occurred, thereby giving rise to a cause of action for punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount greatly in excess of Twenty-Five Thousand Dollars ($25,000.00) as compensatory damages, and an additional amount greatly in excess of Twenty-Five Thousand Dollars ($25,000.00) as punitive damages along with an award for his reasonable attorney's fees.  Finally, Plaintiff prays that Defendant be assessed the costs of this action.

Respectfully submitted,

/s/ *Paul V. Wolf*

PAUL V. WOLF (0038810)
700 West St. Clair Ave., Suite 400
Cleveland, OH  44113-1274
(216) 241-0300
Fax:  (216) 241-2731
Email: paulvwolf@hotmail.com
Attorney for Plaintiff

## JURY DEMAND

Pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure, a trial by jury is respectfully requested on all the issues presented herein.


/s/ *Paul V. Wolf*
PAUL V. WOLF (0038810)
Attorney for Plaintiff